UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CHARLES D. WIGGINS, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

STATEBRIDGE COMPANY, LLC,

Defendant.

Case No. 2:21-cv-10975

## CLASS ACTION COMPLAINT

**NOW COMES**, CHARLES D. WIGGINS, individually, and on behalf of all others similarly situated, by and through his undersigned counsel, complaining of STATEBRIDGE COMPANY, LLC as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages as well as injunctive relief for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d

1

728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

## JURISDICTION AND VENUE

3. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

4. Venue proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Michigan

## PARTIES

5. CHARLES D. WIGGINS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. STATEBRIDGE COMPANY, LLC ("Defendant") is a financial services company with its principal place of business located at 6061 S Willow Dr, Greenwood Village, CO 80111.

8. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant conducts business in the State of Michigan.

## FACTUAL ALLEGATIONS

10. Around April 3, 2021, Defendant began placing prerecorded calls to Plaintiff's cellular phone number, (248) 941-5891, in an attempt to reach an unknown individual by the name of "Justin Reyez."

11. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 5891. Plaintiff has been in possession of this number for no less than 15 years.

12. At all times relevant, Plaintiff's number ending in 5891 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

13. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

14. At no point in time did Plaintiff have an account or any other form of business relationship with Defendant.

15. Upon answering Defendant's calls, Plaintiff was greeted with a prerecorded message stating, "*This is Statebridge Company. We are calling for an important business matter. Please call us at….*"

16. On April 7, 2021, frustrated with Defendant's robocalls, Plaintiff contacted Defendant to determine the reason for Defendant's calls. Plaintiff was met with a prerecorded message asking him to select from a list of options. Plaintiff selected the option to receive a manual call back.

17. Subsequently, approximately 20 minutes after Plaintiff's call to Defendant, Plaintiff received a call from a representative of Defendant. During this call, Plaintiff provided his cellular number in 5891 to the representative. The representative then requested to speak with "Justin Reyez." Plaintiff quickly informed Defendant's representative that they had the wrong number and requested that Defendant stop calling him. Defendant's representative then terminated the call.

18. Unfortunately, the unwanted and unconsented to prerecorded phone calls continued.

19. On April 20, 2021, after receiving *another* prerecorded call from Defendant, Plaintiff again placed a call to Defendant in an attempt to stop the calls. During this call, Defendant's representative requested Plaintiff verify his name and number. After verifying Plaintiff's cellular telephone number, Defendant's representative asked if he was speaking with Mr. Reyes. Plaintiff *again* stated that they had the wrong number and *again* asked for the calls to stop.

20. Despite Defendant having actual knowledge they were not contacting "Justin Reyes," and despite Plaintiff requesting Defendant cease calling his cellular phone on two separate occasions, Defendant continued to place prerecorded calls to Plaintiff's cellular phone.

21.     In total, Defendant has placed numerous phone calls to Plaintiff's cellular phone number utilizing a prerecorded voice after Plaintiff requested that the calls cease, including calls from the phone number (866) 466-3360.

## DAMAGES

22.     Plaintiff significantly values his privacy and solitude.

23.     In light of the fact that Plaintiff does not and has not ever had a business relationship with Defendant, Defendant's phone calls were highly intrusive and were a nuisance.

24.     Moreover, Defendant's phone calls were especially troubling considering they never had consent to contact Plaintiff.

25.     Finally, and most troubling, is the fact that the calls continued after Plaintiff requested that the calls cease.

26.     Defendant's intrusive phone calls invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, loss of time calling Defendant to request that the calls cease, nuisance, and wasting Plaintiff's time each time Defendant caused Plaintiff's cellular phone to ring.

27. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

28. Due to Defendant's refusal to comply with Plaintiff's requests that the calls cease, Plaintiff was forced to retain counsel to compel Defendant to cease its intrusive collection practices.

## CLASS ALLEGATIONS

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons residing in the United States: (a) who do not have an existing account with Defendant; (b) to whom Defendant, or a third party acting on Defendant's behalf, placed a phone call to his/her cellular phone number; (c) utilizing an artificial or prerecorded voice; (d) at any time in the period that begins four years before the date of the filing of the original complaint through the date of class certification.

31. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any

6

entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A.   Numerosity

32.   The exact number of members of the Putative Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

33.   Upon information and belief, Defendant made phone calls to thousands of consumers who fall within the definition of the Putative Class.

34.   Members of the Putative Class can be objectively identified from the records of Defendant and any affiliated vendors to be gained through targeted discovery.

### B.   Commonality and Predominance

35.   There are many questions of law and fact common to the claims of Plaintiff and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality

36.     Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

### D. Superiority and Manageability

37.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

38.     The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

39.     By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

40.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation

41.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

42.     Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

43. Plaintiff have retained competent and experienced counsel in consumer class action litigation.

## COUNT I
**Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)**
**(On behalf of Plaintiff and members of the Putative Class)**

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing or causing to be placed numerous non-emergency calls to Plaintiff's cellular telephone numbers, utilizing an artificial or prerecorded voice, without Plaintiff's consent.

46. As pled above, Defendant utilized an artificial or prerecorded voice that automatically played upon Plaintiff answering the call.

47. As pled above, Plaintiff does not have an existing business relationship with Defendant, and therefore never consented to receive any calls from Defendant.

48. Moreover, any prior consent was revoked by Plaintiff's multiple verbal revocations.

49. As pled above, Plaintiff was harmed by Defendant's calls to his cellular phone.

50. Upon information and belief, Defendant does not maintain policies and procedures designed to ensure compliance with the TCPA.

51.     Accordingly, it is clear that Defendant had actual knowledge it did not have consent to place such calls, but did so in utter disregard of the TCPA.

52.     Upon information and belief, Defendant knew its unlawful practice of calling non-debtors was in violation of the TCPA, yet deliberately employed such practice to maximize revenue and profits.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Putative Class, request the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. an order finding that Defendant violated the TCPA;

C. an order enjoining Defendant from placing further violating calls to non-debtors;

D. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

F. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Date: April 29, 2021						Respectfully submitted,

							CHARLES D. WIGGINS
							By: */s/ Alexander J. Taylor*

							Alexander J. Taylor, Esq.
							*Counsel for Plaintiffs*
							Sulaiman Law Group, Ltd.
							2500 S. Highland Ave, Suite 200
							Lombard, IL 60148
							Telephone: (331) 307-7646
							ataylor@sulaimanlaw.com